PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* ARTURO IZQUIERDO, Defendant and Appellant.

No. 3304. Argued December 15, 1927.—Decided December 19, 1927.

*Bolívar Pagán* for the appellant.   *José E. Figueras* for the appellee.

Mr. Justice Aldrey delivered the opinion of the court.

The appellant was the municipal treasurer of Toa Alta, P. R., and while in his office he fired a revolver for which he was convicted and sentenced for carrying a forbidden arm.

The only question raised in this appeal from that judgment is that the trial court erred in convicting him because under subdivision 10 of section 6 of the Act of June 25, 1924, prohibiting the carrying of arms, he has a right to use his revolver lawfully, for it authorizes the use of arms by conductors of public funds while they are in their custody, and under section 30 of the Municipal Law he had under his custody the municipal funds and had charge of the payment for municipal services.

The exemption or privilege alleged by the appellant lacks the scope given to it, for as therein stated it applies to conductors of public funds, and a conductor is he who carries, a word derived from the verb to carry whose first meaning is, according to the dictionary of the Spanish Academy, "to carry, transport from one place to another," and therefore the conductor of public funds is one who carries or transports from one place to another that kind of funds. The duty of carrying or transporting municipal funds is not among those pertaining to the appellant municipal treasurer; and although the appellant testified that at times he used to carry such municipal funds to the post-office to get postal orders, he was not carrying municipal funds for that purpose at the time he carried the revolver. But even this would not have justified the exemption from liability because his office is not the transportation or carriage of those funds, but their custody or keeping, and those who have funds under their custody are not authorized by the law to carry forbidden

arms. The case of *People* v. *Segarra,* 36 P.R.R. 103, is not applicable here because what was held there was that the right to carry arms is not lost by the improper use of the weapon and that the illegal use of the same renders one guilty of an offense but not of carrying arms.

Affirmed.